915 A.2d 613 (2007)
390 N.J. Super. 387
Jan MARSHAK, Plaintiff-Respondent,
v.
Lawrence WESER, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 2007.
Decided February 8, 2007.
*614 Brian G. Paul, Lawrenceville, argued the cause for appellant (Szaferman, Lakind, Blumstein, Blader & Lehmann, attorneys; Mr. Paul, of counsel and on the brief).
Howard I. Masia argued the cause for respondent.
Before Judges LINTNER, S.L. REISNER and SELTZER.[1]
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Defendant, Lawrence Weser, appeals from a trial court order requiring him to pay college expenses for his eighteen-year old son, even though Pennsylvania, the State in which the original child support order was entered in connection with the parties' divorce, does not require a parent to pay college expenses for a child who has reached the age of majority. We reverse.

I
These are the most pertinent facts. Defendant and plaintiff, Jan Marshak, were married in 1981 and had two children. The parties were divorced on June 16, 1999, in Pennsylvania. The first child support order was entered in Pennsylvania in 1999. Thereafter, both parties and the children moved to New Jersey. A second child support order, reducing the amount of support required of defendant, was entered in Pennsylvania in 2000. On June 12, 2002, the parties signed a consent order entered in New Jersey, that recalculated support for the younger child in anticipation of the older child's emancipation. That consent order stated in pertinent part that "[n]othing herein shall be construed to [affect] the nature, term, duration or extent of child support under the laws of the State of Pennsylvania." On June 21, 2002, a Pennsylvania court issued an order emancipating the older child, who had turned eighteen.
As soon as the younger child turned eighteen and graduated from high school, defendant filed a motion in New Jersey to have him declared emancipated.[2] Plaintiff filed a cross-motion seeking to "unemancipate" the older child and to require defendant to contribute to both children's college expenses pursuant to New Jersey law.
In the trial court, defendant contended that under the Uniform Interstate Family Support Act (UIFSA), which New Jersey has adopted, N.J.S.A. 2A:4-30.65 to -30.123, Pennsylvania law governs the emancipation issue because the duration of a child support obligation entered in one state cannot be modified by the courts of another state. However, the trial judge agreed with plaintiff that the Supreme Court's decision in Philipp v. Stahl, 172 N.J. 293, 798 A.2d 83 (2002), rev'g on dissent, 344 N.J.Super. 262, 274, 781 A.2d 1065 (App.Div.2001), indicated that the Court would apply this State's law on payment of college expenses, provided both parties were currently living in New Jersey. He also reasoned that our Legislature had not adopted a 2001 amendment to UIFSA specifically providing that the duration *615 of a child support obligation imposed by the courts of one state may not be extended by the courts of another state. The judge ordered defendant to pay college expenses for the younger son, without holding a plenary hearing or reviewing the twelve factors set forth Newburgh v. Arrigo, 88 N.J. 529, 545, 443 A.2d 1031 (1982), pertaining to the payment of college expenses for a child over the age of majority.[3]

II
Since the trial court decided this case as a matter of law, without a plenary hearing, our review is de novo. Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995). We begin by addressing UIFSA and its relationship to New Jersey law.
UIFSA is a model act adopted by the National Conference of Commissioners on Uniform State Laws at the behest of Congress in 1992 and revised in 1996. Kurtis A. Kemper, Annotation, Construction and Application of Uniform Interstate Family Support Act, 90 A.L.R. 5th 1, 2 (2006). Congress thereafter mandated that all States enact UIFSA as a condition of receiving certain federal funding:
In order to satisfy section 654(20)(A) of this title, on and after January 1, 1998, each State must have in effect the Uniform Interstate Family Support Act, as approved by the American Bar Association on February 9, 1993, and as in effect on August 22, 1996, including any amendments officially adopted as of such date by the National Conference of Commissioners on Uniform State Laws.
[42 U.S.C.A. § 666(f).]
See Blessing v. Freestone, 520 U.S. 329, 333-36, 117 S.Ct. 1353, 1356-57, 137 L.Ed.2d 569, 577-79 (1997). The purpose of the uniformity requirement was
not only to establish a means of enforcing a support order when one or both parties have moved from the jurisdiction where the support order was issued, but also to establish ground rules for modifying such an order, and to do so in a way that avoids conflicting orders issued by courts of different states. Congress obviously anticipated that multi-state conflicts over child support jurisdiction would be avoided if each state were to enact the same rules.
[Philipp, supra, 344 N.J.Super. at 277-78, 781 A.2d 1065 (Wecker, J., dissenting).]
New Jersey adopted UIFSA in 1998. N.J.S.A. 2A:4-30.65 to -30.123. Pennsylvania adopted UIFSA as well. 23 Pa. Cons.Stat. §§ 7101 to 7901. Notably, both State's laws adopted the following provision:
A tribunal of this State may not modify any aspect of a child support order that may not be modified under the law of the issuing state.
[N.J.S.A. 2A:4-30.114c; 23 Pa. Cons. Stat. § 7611(c).]
Pennsylvania law does not require payment of college expenses for a child who has reached the age of eighteen. See Sheetz v. Sheetz, 840 A.2d 1000 (Pa.Super.Ct.2003). Consequently, the Pennsylvania child support order in this case could not, under Pennsylvania law, be modified to require defendant to pay his children's college expenses. Our UIFSA statute also provides that "[t]he law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." N.J.S.A. 2A:4-30.107a (emphasis added). Pursuant to both of these statutes, our courts cannot modify the Pennsylvania child support order *616 to provide a longer duration than Pennsylvania law would allow.
Our conclusion is consistent with Pennsylvania's construction of 23 Pa. Cons.Stat. § 7611(c). In a case with facts similar to this one, a Pennsylvania court held that a Pennsylvania court could not modify a Maryland support order to extend a parent's child support obligation beyond the child's eighteenth birthday where Maryland law would not permit such an extension. Sheetz v. Sheetz, supra, 840 A.2d at 1002-04. See also In re Marriage of Doetzl, 31 Kan.App.2d 331, 65 P.3d 539 (2003).
Moreover, in 2001 the model UIFSA was amended to more specifically address the situation at issue here:
In a proceeding to modify a child-support order, the law of the State that is determined to have issued the initial controlling order governs the duration of the obligation of support. The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of this State.
[Unif. Interstate Family Support Act § 611(d) (2001).]
The comment to the 2001 amendment clearly indicates that its purpose was to clarify the original UIFSA enactment: "From its original promulgation UIFSA determined that the duration of child-support obligation[s] should be fixed by the controlling order . . . If the language was insufficiently specific before . . . 2001, the amendments should make this decision absolutely clear." Id. cmt. on § 611(d). The comment also specifically indicates that the amendment was intended to address modifications to impose college tuition payments for adult offspring where the law of the issuing state would not provide for such support. Ibid.
We will consider the official comments to a model statute in construing our own version of the model act, see, e.g., Town Tobacconist v. Kimmelman, 94 N.J. 85, 106-07, 462 A.2d 573 (1983), and, likewise, will consider later amendments insofar as "the legislative policy and intent of the new statute may inform interpretation and application of the existing version of the statute." Poluhovich v. Pellerano, 373 N.J.Super. 319, 354, 861 A.2d 205 (App. Div.2004), certif. denied, 183 N.J. 212, 871 A.2d 90 (2005). The amendment to UIFSA and the comment to the amendment only strengthen our conclusion that the Pennsylvania support order cannot be modified to require an extension of support that would not be permitted under Pennsylvania law.
Finally, we conclude that Philipp v. Stahl, 344 N.J.Super. 262, 781 A.2d 1065 (App.Div.2001), rev'd on dissent, 172 N.J. 293, 798 A.2d 83 (2002), is not controlling here, because it did not address the issue of whether duration was a non-modifiable aspect of the support order at issue in that case. In Philipp, the parties were divorced in Georgia, and the wife and two children subsequently moved to New Jersey. Id. at 266, 781 A.2d 1065. The son eventually returned to live with his father in Georgia. Id. at 268, 781 A.2d 1065. The wife filed an application in New Jersey to require the father to pay for their daughter's college expenses, a form of relief not available under Georgia law because of the daughter's age. Id. at 263, 294-95, 781 A.2d 1065 (Wecker, J., dissenting). A majority of this court held that under UIFSA, New Jersey had obtained "continuing, exclusive jurisdiction" regarding support orders, because our courts had issued three prior orders which the majority construed as having modified the original Georgia support order. Id. at 265-66, 781 A.2d 1065. UIFSA provides that once another state issues a modification, pursuant to UIFSA, of a support order issued by another state, continuing, exclusive jurisdiction passes from the first state to the second state. Id. at 265, 781 A.2d 1065.
*617 Judge Wecker, in dissent, concluded that New Jersey lacked subject matter jurisdiction under UIFSA, as codified at N.J.S.A. 2A:4-30.72a(1), because a Georgia court issued the original order, the father still lived in Georgia, and the parties had not both consented to transfer jurisdiction to New Jersey. Id. at 279, 781 A.2d 1065. She also concluded that the three New Jersey court orders merely enforced rather than modified the Georgia support order. Id. at 289, 781 A.2d 1065. She reasoned that Georgia therefore retained continuing, exclusive jurisdiction over the support issue. Ibid. She further concluded that New Jersey also lacked in personam jurisdiction over the father because he lived in Georgia. Id. at 274, 781 A.2d 1065. In dicta she indicated that if New Jersey had both personal jurisdiction over the father and subject matter jurisdiction, a plenary hearing would be required under Newburgh v. Arrigo, supra. Id. at 275, 781 A.2d 1065. The issue of whether UIFSA would preclude a New Jersey court from modifying the duration of a Georgia child support order was not raised or addressed by either the majority or by Judge Wecker. In a brief per curiam opinion, the Supreme Court reversed "substantially for the reasons expressed in Judge Wecker's dissenting opinion." Philipp, supra, 172 N.J. at 293, 798 A.2d 83.
We conclude that the dicta in Judge Wecker's opinion expressed nothing more than her agreement with the majority's view that if the New Jersey court had jurisdiction to decide the issue of college expenses, it would need to hold a plenary hearing pursuant to Newburgh, supra. See Philipp, supra, 344 N.J.Super. at 272-73, 781 A.2d 1065. But even if it implied something more akin to what plaintiff would have us read into it, the fact that the Supreme Court reversed "substantially" for the reasons stated in Judge Wecker's dissent does not necessarily place the Court's imprimatur upon dicta in the opinion. See State v. Hempele, 120 N.J. 182, 221, 576 A.2d 793 (1990) (stating "mere dicta [is] not binding"). We conclude that Philipp simply does not answer or even address the issue of duration presented in this case.
Rather, the issue before us is properly decided by considering this State's current version of UIFSA plus the 2001 amendments to the Model Act and the accompanying comments to the amendments. Based on those sources, we conclude that the Pennsylvania support order cannot be modified to extend defendant's support obligation to include college expenses for the parties' son who is over the age of eighteen. Therefore the order requiring defendant to provide continued support for the parties' younger child must be vacated and defendant's motion for emancipation must be granted.
Reversed.
NOTES
[1] Judge Seltzer did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. R. 2:13-2(b).
[2] Defendant also sought reimbursement of child support paid after the child had graduated from high school, a claim he has not pursued on appeal and hence has waived.
[3] The trial judge denied the application to undo the emancipation of the older child.