**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0176-17T3

KATHLEEN FLYNN,

    Plaintiff-Respondent,

v.

ROBERT FLYNN, JR.,

    Defendant-Appellant.

_____

          Submitted November 27, 2018 – Decided April 5, 2019

          Before Judges Hoffman and Suter.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0312-08.

          Robert J. Flynn, Jr., appellate pro se.

          Kathleen Flynn, respondent pro se.

PER CURIAM

    Defendant Robert Flynn, Jr. appeals a Family Division order that modified his child support obligation, requiring him to pay child support and college expenses for his younger son. He claims that Pennsylvania law should have

been applied, which would not have required him to pay child support. We conclude that because Pennsylvania issued the initial child support order, its law should have been applied to determine the duration of defendant's child support obligation. Because the parties' son was over eighteen and graduated high school, defendant was not required under Pennsylvania law to continue to pay child support for him.

I

In 2005, plaintiff Kathleen Flynn and defendant divorced in Pennsylvania. Defendant was living in New Jersey at that time; plaintiff moved to New Jersey once the marital home was sold. They shared legal and physical custody of their two minor sons, Stanley and Robert.[1] The 2005 divorce decree provided their understanding that "at such time that mother becomes a bona fide resident of the State of New Jersey, counsel shall submit an order to this court so that Pennsylvania shall relinquish jurisdiction to the appropriate court in New Jersey." The divorce decree addressed child support, parenting time and custody issues. It was registered in Burlington County in September 2007. By that time, Stanley was living with defendant, exclusively, while Robert alternated the weeks he lived with plaintiff and defendant.

---

[1] These are fictitious names.

A-0176-17T3

Defendant filed a motion with the Family Division in Burlington County asking New Jersey to take jurisdiction of the case. The March 2008 order that granted his motion provided "[t]he parties and the children now all live in New Jersey and they always intended for New Jersey to assume jurisdiction once this occurred. The Pennsylvania decree has been registered in this State. The parties also agree that New Jersey should have jurisdiction." The court then modified the divorce decree by designating defendant as Stanley's parent of primary residence. Because Pennsylvania had held "extensive hearings" about defendant's income and its order setting his income was "of recent vintage," the court used the Pennsylvania court's figure in the calculations it made using the New Jersey Child Support Guidelines, Rule 5:6A (Guidelines). Defendant paid the difference between what plaintiff owed him in child support for Stanley and what he owed her for Robert.

In 2013, plaintiff filed a motion in the Family Division asking for an increase in child support. By this time, Stanley, who was still living with defendant, was twenty years old and a full-time student in college. In his cross-motion, defendant urged the court to calculate child support using the Guidelines and to net the parties' child support obligations.

A-0176-17T3

In her reply certification, plaintiff argued that because Pennsylvania entered the original order in 2005, Stanley should be emancipated retroactive to the time he graduated high school, and that the Guidelines should not apply because he was working and over eighteen. Defendant's attorney argued that "this case has been registered in New Jersey, there's [a 2008] order that recalculated and modified child support, and now we're looking to modify a New Jersey order. So, New Jersey law should apply in this case." The court recalculated child support for both children using the Guidelines, and netted the difference between what plaintiff owed defendant for Stanley and what defendant owed plaintiff for Robert, finding it was "undisputed that neither child [was] emancipated at this point."

This appeal stems from motions filed in August and September 2016. Plaintiff's motion asked to emancipate Stanley and terminate her obligation for his support because he was no longer a student and lived independently in another state. She raised other child support issues involving Robert. Although defendant agreed that Stanley should be emancipated, he argued in his cross-motion that Robert should be emancipated too, contending that because the 2005 Pennsylvania divorce decree was the "originating order," it governed the duration of his child support obligation. Robert became eighteen in September

4

2015 and graduated high school in June 2016. Under Pennsylvania law, defendant argued he was not required to pay child support after Robert's high school graduation, even if he was in college.

In September 2016, the court found that Stanley was emancipated, and granted plaintiff's motion to recalculate child support for Robert. The court "preliminarily" found that New Jersey had jurisdiction and that New Jersey law governed the issues raised in the motions. The judge ordered the parties to conduct discovery. In the months that followed, defendant's motion for reconsideration was denied, we rejected interlocutory relief, the parties were permitted supplemental discovery and the court denied defendant's request for a plenary hearing.

In its July 31, 2017 order, the Family Division judge found that New Jersey had jurisdiction and because of that, applied New Jersey law to the issues raised. It reiterated its finding from the earlier reconsideration motion that "[d]efendant be required to contribute to the cost of [Robert's] college expenses." Noting that defendant "did not agree to extend his support obligation to include college expenses," it nonetheless found "that the parties agreed to contribute to the college expenses of the parties now emancipated older son [Stanley] and that the parties agreed to follow New Jersey law per . . . [the]

5

2008 [o]rder." It relied on the 2008 order, which said the parties "always intended . . . New Jersey to assume jurisdiction" when all of them were living in New Jersey and that they had agreed New Jersey should have jurisdiction. In 2013, defendant asserted it was appropriate to use the Guidelines for Stanley because he would be living with him and attending college. "[A]t no point in that order did . . . defendant assert that [Stanley] should be emancipated pursuant to Pennsylvania law. Rather . . . defendant accepted at the time that New Jersey law applied."

The Family Division judge applied the Guidelines in calculating child support because it appeared Robert would be living at home and commuting to college. Neither party had given the court an updated Case Information Statement. The parties did not supply the court with any information about college tuition, financial aid or loans. The court ordered defendant to pay $203 per week in child support with an additional $50 per week for arrears. Also, Robert's college education expenses that were not covered by financial aid or loans would be paid seventy-one percent by defendant and twenty-nine percent by plaintiff based on their incomes.

Defendant appeals this order, arguing the trial court erred by determining the parties intended to extend the duration of their child support obligations

6

when they transferred jurisdiction from Pennsylvania to New Jersey. He argues that the court should have applied Pennsylvania law. He argues the court erred by determining, based on the 2013 order, that he had accepted that New Jersey law governed all aspects of the parties' case. In addition, defendant claimed the court erred by ordering him to contribute to Robert's college expenses without a plenary hearing to review the Newburgh factors.[2]

## II

"[W]e accord great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012), in recognition of the "family courts' special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)); see N.J. Div. of Child Prot. and Permanency v. A.B., 231 N.J. 354, 365 (2017). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

---

[2] Newburgh v. Arrigo, 88 N.J. 529, 545 (1982).

A-0176-17T3

There are many reasons why New Jersey has jurisdiction in this case. Defendant agreed that New Jersey would have jurisdiction in the 2005 divorce decree. The Pennsylvania decree was registered in this State. Defendant acknowledged the jurisdiction of New Jersey when he filed a motion in 2008 in the Family Division asking New Jersey to take jurisdiction of the case to modify the custody and child support portions of the 2005 divorce decree. All the motions after the divorce were filed in New Jersey. The Family Division judges consistently found New Jersey had jurisdiction.

Defendant argues that even if New Jersey has jurisdiction, because Pennsylvania entered the initial child support order, Pennsylvania's law applies to, and controls, the duration during which his child support must be paid. Because of that, he argues the substantive law of Pennsylvania—which does not require a parent to pay child support for children who are over eighteen after they graduate high school—should have been applied to emancipate Robert, terminating defendant's obligation to pay child support or contribute to his college expenses.

The Uniform Interstate Family Support Act (UIFSA) "is a model act adopted by the National Conference of Commissioners on Uniform State Laws . . . ." Marshak v. Weser, 390 N.J. Super. 387, 390 (App. Div. 2007). The

A-0176-17T3

purpose of UIFSA is to "advance[] 'unity and structure in each state's approach to the modification and enforcement of child support orders.'" Lall v. Shivani, 448 N.J. Super. 38, 45 (App. Div. 2016) (quoting Sharp v. Sharp, 336 N.J. Super. 492, 503 (App. Div. 2001)). "[UIFSA] resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not all reside in the same state." Ibid.

New Jersey amended its UIFSA statute effective April 1, 2016, to "abide provisions of the federal Preventing Sex Trafficking and Strengthening Families Act, P.L. No. 113-183 (2014), 42 U.S.C.[] §§ 675, 675a." Lall, 448 N.J. Super. at 45; see N.J.S.A. 2A:4-30.124 to -30.201. The amendments "did not deviate from the scheme effectuated by the prior version." Lall, 448 N.J. Super at 45. They apply to "proceedings begun on or after [April 1, 2016] to . . . modify a prior support order, determination, or agreement, whenever issued or entered." N.J.S.A. 2A:4-30.200(a). Thus, the amendments apply because the motions to modify support were made in September 2016, after their effective date.

Under UIFSA,

> [c]ritical to the jurisdictional uniformity intended under
> the Act's interstate system of modifying and enforcing

child support orders is identification of the controlling child support order and the tribunal authorized to exercise "continuing exclusive jurisdiction." N.J.S.A. 2A:4-30.133. In short, a court that enters an order establishing child support retains continuing exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement, until continuing exclusive jurisdiction is conferred on another state's tribunal by operation of the Act.

[Lall, 448 N.J. Super. at 46.]

In this case, Pennsylvania issued the first child support order in 2005. After that, all of the parties moved to New Jersey and this was the children's home state as well. New Jersey issued the controlling child support orders in 2008 once the parties moved to New Jersey. See N.J.S.A. 2A:4-30.135(b) (1) (providing that where two or more child support orders have been issued by tribunals in this state or another state regarding the same obligor and child and this state has personal jurisdiction over both the obligor and obligee, then "an order issued by the tribunal in the current home state of the child controls" making that the controlling child support order). That status then accorded New Jersey "continuing, exclusive jurisdiction to modify [the] child support order" because "at the time of the filing of a request for modification this State [was] the residence of the obligor, the individual obligee, or the child for whose benefit

the support order is issued." N.J.S.A. 2A:4-30.133(a)(1). In this case, New Jersey was the residence of all three: the obligor, obligee and child.

Despite this, defendant argues that the duration component of the Pennsylvania child support order could not be modified by New Jersey. Although his brief cited to the statute before it was amended in 2016, many of the provisions are similar to the current law. See Lall, 448 N.J. Super. at 45.

Relevant to the present issue, N.J.S.A. 2A:4-30.171(a)(1) provides that the "law of the issuing State or foreign country governs: the nature, extent, amount and duration of current payments under a registered support order." In another section, our statute provides "[a] tribunal of this State may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support." N.J.S.A. 2A:4-30.178(c).

Pennsylvania adopted provisions similar to these in its version of UIFSA. See Marshak, 390 N.J. Super. at 391. However, under Pennsylvania law, a parent is not required to pay for "college expenses for a child who has reached the age of eighteen." Ibid. (citing Sheetz v. Sheetz, 840 A.2d 1000 (Pa. Super. Ct. 2003)). That continues to be the law of Pennsylvania. 23 Pa. Cons. Stat. §4321(2) (2015); 231 Pa. Code § 1910.19(e) (2019); see Blue v. Blue, 532 Pa.

521, 529-30 (1992).[3] Because the obligation of support cannot be modified in Pennsylvania to extend it beyond high school for a child who is eighteen, the Family Division judge could not modify the 2005 divorce decree to extend support.

Marshak is a case factually similar to this, where the first child support order was entered in Pennsylvania and thereafter all the parties and the children moved to New Jersey. 390 N.J. Super. at 389. We relied on similar provisions from the pre-2016 version of our statute to conclude "that the Pennsylvania support order cannot be modified to extend defendant's support obligation to include college expenses for the parties' son who is over the age of eighteen." Id. at 394. We reversed the order that required the defendant to continue to pay child support and granted his motion to emancipate the child. Ibid.

The 2016 amendments to our UIFSA statute further clarify that our analysis in Marshak remains valid. The statute now includes:

---

[3] Blue was superseded by 23 Pa. Cons. Stat. § 4327(a) (1993), which allowed a court to "order either or both parents who are separated, divorced, unmarried or otherwise subject to an existing support obligation to provide equitably for educational costs of their child whether an application for this support is made before or after the child has reached [eighteen] years of age." However, in Curtis v. Kline, 542 Pa. 249 (1995), the Pennsylvania Supreme Court found section 4327 to be violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution.

A-0176-17T3

[i]n a proceeding to modify a child support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support. The obligors' fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of this State.

[N.J.S.A. 2A:4-30.178 (d).]

The comment to this subsection of the model UIFSA statute by the Uniform Law Commission provides that, "[t]he initial controlling order may be modified and replaced by a new controlling order . . . . But, the duration of the child support obligation remains constant, even though other aspects of the original order may be changed."[4] Unif. Interstate Family Support Act cmt. on §611 (2008). In yet another section of our UIFSA statute, N.J.S.A. 2A:4-30.180(b) permits "the application of the procedural and substantive law of this State to [a proceeding to modify another State order]" when the parties all reside in New Jersey. Although this sounds as if New Jersey law would apply, because of its reference to our "substantive law," that is not the case. N.J.S.A. 2A:4-

---

[4] "We will consider the official comments to a model statute in construing our own version of the model act, and, likewise, will consider later amendments insofar as 'the legislative policy and intent of the new statute may inform interpretation and application of the existing version of the statute.'" Marshak, 390 N.J. Super. at 392 (internal citation omitted) (quoting Poluhovich v. Pellerano, 373 N.J. Super. 319, 354 (App. Div. 2004)).

A-0176-17T3

30.178(d) continues to apply as a limitation because N.J.S.A. 2A:4-30.180(b) makes express reference to Article Six of L. 2016, c. 1, which is where N.J.S.A. 2A:4-30.178 is contained. Also, the comment of the Uniform Law Commission in its equivalent section to N.J.S.A. 2A:4-30.180(b), provides that "the duration of the support obligation is a nonmodifiable aspect of the original controlling order . . . ." Unif. Interstate Family Support Act cmt. on §613 (2008).

In this case, Robert turned eighteen and graduated high school before the September 2016 motions were filed. Defendant had no further obligation of support under N.J.S.A. 2A:4-30.178(d), because Pennsylvania issued the initial controlling child support order and it was that order that governed the "duration" of defendant's child support obligation. We reverse the July 31, 2017 child support order. We have no necessity then to address any of the other legal issues raised by defendant.[5]

      Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] Neither party raised the issue of judicial estoppel, see Ali v. Rutgers, 166 N.J. 280, 287-88 (2000), perhaps because both took inconsistent positions on whether the 2005 Pennsylvania order governed the duration issue. We decline to address this, adding only that "compliance with [an] order does not equate to . . . acquiescence to its future implementation." Jacoby v. Jacoby, 427 N.J. Super. 109, 118 (App. Div. 2012).

A-0176-17T3