**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5807-17T1

OLENA YOUSHKO MORGUL,

    Plaintiff-Respondent,

v.

GENNADIY KRUGLOV,

    Defendant-Appellant.

_____

        Submitted May 6, 2019 – Decided May 15, 2019

        Before Judges Haas and Sumners.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0291-18.

        Laterra & Hodge, LLC, attorneys for appellant (Matthew N. Tsocanos, of counsel and on the briefs).

        Errico Law Group, LLC, attorneys for respondent (Alexandra Errico, of counsel and on the brief).

PER CURIAM

Defendant appeals from the Family Part's March 16, 2018 order modifying a child support order issued in the state of New York, and also requiring him to pay arrears that were allegedly incurred pursuant to other, temporary orders entered in that state. Defendant also challenges the court's July 27, 2018 order denying his motion for reconsideration of the March 16 order.

On appeal, defendant contends that the court failed to consider and apply the standards set forth in the Uniform Interstate Family Support Act (UIFSA or the Act), N.J.S.A. 2A:4-30.124 to -30.201 before registering and modifying the New York order in New Jersey, and should have conducted a plenary hearing to resolve the sharply conflicting factual issues presented by the parties. We agree with defendant's contentions. Because the court did not correctly apply UIFSA in its consideration of this matter, we reverse the March 16 and July 27 orders, and remand for further proceedings.

By way of background, "UIFSA is a model act adopted by the National Conference of Commissioners on Uniform State Laws[,]" and then later by New Jersey and every other state and territory in the United States. Marshak v. Weser, 390 N.J. Super. 387, 390 (App. Div. 2007). The purpose of UIFSA is to "advance[] 'unity and structure in each state's approach to the modification and enforcement of child support orders.'" Lall v. Shivani, 448 N.J. Super. 38, 45

(App. Div. 2016) (quoting Sharp v. Sharp, 336 N.J. Super. 492, 503 (App. Div. 2001)).  "[UIFSA] resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not reside in the same state."  Ibid.

Under UIFSA,

> [c]ritical to the jurisdictional uniformity intended under the Act's interstate system of modifying and enforcing child support orders is identification of the controlling child support order and the tribunal authorized to exercise "controlling exclusive jurisdiction."  N.J.S.A. 2A:4-30.133.  In short, a court that enters an order establishing child support retains continuing exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement, until continuing exclusive jurisdiction is conferred on another state's tribunal by operation of the Act.
>
> [Id. at 46.]

In many cases, the first step in a UIFSA matter is for one party to "register" an out-of-state child support order in the current home state of the child for enforcement purposes.  N.J.S.A. 2A:4-30.168.  A party begins the registration process in New Jersey by filing a request to register the out-of-state order with our Family Part.  N.J.S.A. 2A:4-30.169.  Registration is effective upon filing the

3

order in New Jersey.  N.J.S.A. 2A:4-30.170.  However, "the law of the issuing state[,]" rather than the law of New Jersey, continues to govern "the nature, extent, amount, and duration of current payments under a registered support order" so long as the out-of-state order remains the controlling order.  N.J.S.A. 2A:4-30.171(a)(1) and (d).  In addition, the other state's law concerning "the computation and payment of arrearages" also continues to control the dispute. N.J.S.A. 2A:4-30.171(a)(2).

After the order is registered, the Family Part is required to send "notice of registration of [the] order" to the "non[-]registering party."  N.J.S.A. 2A:4-30.172(a).  That party may then challenge the registration by requesting a hearing for this purpose.  N.J.S.A. 2A:4-30.172(a), -30.173.

Notably, while the Family Part "shall recognize and enforce" the registered order, the court "may not modify[] a registered support order if the issuing tribunal had jurisdiction[,]" unless permitted to do so under other provisions of the Act.  N.J.S.A. 2A:4-30.170(c) (emphasis added).  With regard to modification or enforcement of another state's support order, nothing in UIFSA grants New Jersey automatic jurisdiction over the non-registering party. Instead, the registering party must, among other things not relevant to the present controversy, demonstrate that the other party has been personally served

in New Jersey with a summons or notice of the proposed action; submitted to New Jersey's jurisdiction by consent; resides with the child in this state; or that "there is any other basis consistent with the constitutions of this State and the United States for the exercise of personal jurisdiction." N.J.S.A. 2A:4-30.129(a).

Before modifying any child support order, the New Jersey Family Part must also determine what order is the "controlling" one. Usually, the state that issues the order "has and shall exercise controlling, exclusive jurisdiction to modify its child support order if the order is the controlling order and . . . at the time of the filing of" the modification request, that state "is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued[.]" N.J.S.A. 2A:4-30.133(a)(1). Thus, so long as one of the parties, or their child, continues to live in the issuing state, that state, rather than New Jersey, is the only jurisdiction that may modify the order.

There are exceptions to this rule. For example, New Jersey may modify the order if neither party or the child lives in the issuing state; the party seeking the modification is not a resident of New Jersey; and the party opposing the modification "is subject to the personal jurisdiction" of the Family Part. N.J.S.A. 2A:4-30.178(a)(1). Additionally, New Jersey may modify the order if

all parties consent in writing, allowing the Family Part to exercise jurisdiction. N.J.S.A. 2A:4-30.178(a)(2).

If New Jersey is able to assume jurisdiction to modify an out-of-state support order, the Family Part's order will become the controlling order, and New Jersey will then assume continuing, exclusive jurisdiction to address the parties' child support disputes from the prior state. N.J.S.A. 2A:4-30.178(e).

Unfortunately, the Family Part in this case did not address any of these UIFSA provisions in determining to modify a child support order entered in the state of New York. We will now summarize the sequence of events that occurred, together with the instances in which the court mistakenly processed the matter by failing to apply UIFSA after plaintiff and the parties' child moved to New Jersey.

The parties were married in New York in April 2004. They have one child, born in December 2006.

In 2008, the parties separated. That same year, they entered into a Stipulation of Settlement, which was incorporated into an October 17, 2008 Final Judgment of Divorce (FJOD) in New York. Under the FJOD, the parties agreed to share equal parenting time with their child. As a result, they further

agreed that "neither party will pay support for the [c]hild, but rather both parties will share the expenses as contemplated by the prior Custody Order."

In spite of this agreement, however, the parties engaged in litigation concerning child support in the New York courts for six of the next nine years. On August 9, 2011, plaintiff filed a petition to modify child support in Kings County Family Court, New York (the New York court). On January 19, 2012, the New York court issued a temporary support order, requiring defendant to pay plaintiff $258 in biweekly child support pending a final hearing. Plaintiff later failed to appear at a hearing, and the New York court dismissed her petition for child support without prejudice on August 17, 2012, and reinstated the prior provision of the FJOD stating that neither party had a child support obligation.

About a month later, plaintiff filed a petition with the New York court to reinstate her request for child support. This petition was granted on October 2, 2012, and defendant was directed to pay plaintiff $258 in biweekly child support, again pending a final hearing.

On August 22, 2013, the New York court reduced defendant's biweekly child support obligation to $157. However, plaintiff's petition was dismissed without prejudice on August 8, 2016, after she again failed to appear at a

hearing. The dismissal order also vacated defendant's support obligation retroactive to August 21, 2013.

By this time, plaintiff and the parties' child had moved to New Jersey.[1] In September 2016, plaintiff filed another request with the New York court to reinstate her child support petition, which that court granted in a July 13, 2017 order. Unlike the prior orders, this one did not require defendant to pay any child support and, instead, directed the parties to exchange financial information. By filing this petition in New York, plaintiff complied with UIFSA, because the parties' FJOD remained the controlling order and defendant continued to live in that state.

On July 6, 2017, however, plaintiff filed a complaint to register the FJOD in the New Jersey Family Part under N.J.S.A. 2A:4-30.169. In the parties' subsequent litigation in this state, defendant alleged that he was never served with any notice concerning this registration and, therefore, was not able to file a timely request for a hearing to contest it. No proof of service was provided by either the Family Part or plaintiff indicating that defendant received notice of the registration as required by N.J.S.A. 2A:4-30.172(a). In its subsequent

---

[1] This move, which was accomplished without seeking approval from the New York court, occurred on April 29, 2016.

decisions at issue in this appeal, the Family Part did not conduct a plenary hearing to address these factual issues surrounding the registration.

In addition, plaintiff's attorney incorrectly certified in the July 2017 complaint "that the matter in controversy [was] not the subject of any other action pending in any court[,] . . . [and] that no other action or arbitration proceeding is contemplated[.]" At that time, however, there was a child support matter pending in the New York court, which may have provided grounds to prevent the matter from being registered in New Jersey. However, the Family Part also did not directly address this issue in its subsequent decisions.

The Family Part registered the New York FJOD in New Jersey on August 18, 2017. That same month, plaintiff's New York attorney asked the New York court to withdraw her petition for child support. On August 16, 2017, the New York court dismissed plaintiff's petition. At defendant's request, the New York court would make clear in a June 14, 2018 amended order of dismissal that: (1) the temporary order of support was vacated retroactive to August 9, 2011; (2) there were no arrears; (3) the dismissal was without prejudice; and (4) the petition had been dismissed "due to failure to prosecute[.]"

Defendant states that he continued to live in New York. Even though UIFSA required that any motion to modify either the FJOD or the August 16,

2017 order of the New York court dismissing plaintiff's petition without prejudice, both of which provided that defendant was not obligated to pay child support, had to be filed with the New York court, plaintiff filed an application for child support in the Family Part on January 22, 2018. Contrary to UIFSA, the court did not determine which of the New York orders was the controlling order and, indeed, did not engage in any meaningful review of the Act.

Defendant opposed the application, and argued that the court did not have jurisdiction because the controlling orders had already been issued by the New York court, and that he still lived in that state. In rejecting this contention, the Family Part did not determine whether it had personal jurisdiction over defendant as required by N.J.S.A. 2A:4-30.129(a). Instead, the court simply ruled that because the FJOD had been registered in New Jersey, this automatically gave the Family Part jurisdiction over defendant. As noted in our earlier discussion of UIFSA, however, nothing in the Act supports this conclusion.

In its subsequent ruling denying defendant's motion for reconsideration, the court stated that defendant likely lived in New Jersey, rather than New York, apparently due to an allegation to this effect pressed by plaintiff. Thus, the court stated it was comfortable with its prior determination that it had personal

10

jurisdiction over defendant. However, plaintiff presented no documentation or other evidence supporting her contention, and the court did not conduct a plenary hearing to resolve the contested issue.

With her papers, plaintiff submitted an account statement from the New York court stating that defendant had support arrears of $12,199.74 as of August 31, 2016. In response, defendant provided the Family Part with an updated January 29, 2018 statement showing that he had paid $14,191.26 in child support between February 2012 and November 2016, and had no arrears whatsoever. The trial court did not conduct a plenary hearing to resolve the parties' conflicting factual assertions and, instead, found that defendant owed $12,199.74 in arrears as alleged by plaintiff.

The court also stated that it was imposing these arrears because defendant had not paid child support since 2016. However, this was easily explained by the fact that the New York court orders had terminated defendant's child support obligation in August 2016.

The Family Part did not take any testimony concerning the parties' respective incomes. Instead, it accepted plaintiff's representation that although she had recently started a new job as a nurse, she was temporarily disabled due to the recent birth of her fourth child. Defendant also asserted that he was no

A-5807-17T1

longer earning at the same level as he had when the New York court first set support in 2011. The court did not allow defendant to provide testimony concerning this contention.

On the basis of this sparse record, and without applying UIFSA or conducting a plenary hearing, the Family Part issued a support order on March 16, 2018. This order required defendant to pay plaintiff $118 a week in child support, together with $50 per week toward his arrears of $12,199.74.[2]

On July 27, 2018, the court denied defendant's motion for reconsideration. In its written statement of reasons, the Family Part did briefly mention UIFSA by quoting one of its provisions, N.J.S.A. 2A:4-30.135, without commenting further on it. However, this section of the Act clearly states that if "only one tribunal has issued a child support order, the order of that tribunal controls and shall be recognized." N.J.S.A. 2A:4-30.135(a). If the Family Part had applied this provision, it likely would have determined that one of the New York orders controlled.

In sum, the Family Part failed to assess the parties' interstate child support dispute under UIFSA, which led to the mistakes outlined above. For example,

---

[2] Thus, defendant's total obligation was $168 per week, effective January 29, 2018.

A-5807-17T1

the court may have erred by registering the New York FJOD because the parties were then litigating the issue in New York, and it did not consider defendant's argument that he was deprived of his ability to contest the registration of that decree because he was never served with notice of the registration.

The Family Part also misconstrued the import of its decision to register the New York FJOD in two significant ways. First, it stated that the registration automatically made defendant subject to New Jersey's jurisdiction when UIFSA essentially states the opposite. Just as importantly, the court also ruled that once the FJOD was registered in this state, a New Jersey court was free to both enforce <u>and</u> modify it. Again, UIFSA makes clear that an out-of-state order may only be modified if the Act's requirements are met.

Although the court acknowledged that New York had issued a series of orders since it relied upon them, in part, in setting defendant's arrearages, it never determined which of the New York orders was the controlling one. Because of this, it did not give deference to any of the New York orders, and did not direct plaintiff to pursue her request for modification in the New York court, as she had been doing at the time she registered the FJOD in this state. The Family Part also did not apply New York law in determining support, and did not even consider whether it was required to do so under 2A:4-30.171.

On appeal, we owe no special deference to a trial court's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). The interpretation and application of a complex statutory scheme, such as UIFSA, is plainly a question of law for the trial court, subject to de novo review on appeal. Ibid. For the reasons set forth above, the Family Part was clearly required to consider and apply the Act to the child support dispute before it. Because it did not, we are constrained to reverse.

There were also a number of disputed material issues of fact that the Family Part resolved without the benefit of a plenary hearing. Among other things, the parties did not agree on whether defendant received notification of the registration of the FJOD; their respective incomes; or whether defendant owed any arrears in New York. In their appellate briefs, they now contest each other's interpretations of the New York orders.

We normally give substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). However, we will "uphold the factual findings undergirding the trial court's decision [only] if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon,

191 N.J. 240, 254 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

For the reasons set forth above, we are unable to give this deference here because the record presented on appeal is insufficient to support the court's factual determinations. In addition, because there are genuine issues of material fact that bear on the critical questions presented in this matter, the Family Part should have conducted a plenary hearing to resolve them. Lepis v. Lepis, 83 N.J. 139, 159 (1980).

Therefore, we reverse the Family Part's March 16, and July 27, 2018 orders, and remand for a plenary hearing so that the issues raised under UIFSA may be addressed for the first time on a complete record. The court shall conduct a case management conference within thirty days to plan the logistics of the plenary hearing and the possible exchange of discovery, including updated Case Information Statements for the court's review pursuant to Rule 5:5-2.

The remand proceedings should be completed within 120 days, unless reasonably extended by the trial court with the consent of all counsel. Pending the completion of the remand, and subject to a possible retroactive offset or refund thereafter, defendant shall continue to pay plaintiff $118 in child support per week. We also suspend the highly disputed $50 weekly arrears component

of the Family Part's prior orders until the conclusion of the remand, again subject to retroactive offset or refund.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5807-17T1