**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2446-18T1

CHRISTINE SAAVEDRA,

    Plaintiff-Appellant,

v.

JOHN SAAVEDRA,

    Defendant-Respondent.

_____

Submitted September 19, 2019 – Decided  March 6, 2020

Before Judges Alvarez, Suter, and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-2060-11.

Peter C. Paras argued the cause for appellant (Paras, Apy & Reiss, PC, attorneys; Peter C. Paras, of counsel and on the briefs; Elissa A. Perkins, on the briefs).

Ryan David Russell argued the cause for respondent (Weinberger Divorce & Family Law Group, LLC, attorneys; Ryan David Russell, of counsel and on the brief).

PER CURIAM

Plaintiff Christine Saavedra appeals from the January 22, 2019 Family Part order that denied her application for post-judgment relief. She requested that the duration term in the initial child support order—entered in New Jersey—be restored because it would extend child support until after the children completed their post-secondary education. Because plaintiff, defendant John Saavedra, and their children now all reside in California and that state has continuing, exclusive jurisdiction over child support issues, we agree with the Family Part that it did not have jurisdiction, and that plaintiff's application was properly denied.

I.

Plaintiff and defendant have two children: one born in 1998 and the other in 2000. They were divorced in 2011 in New Jersey. Their property settlement agreement (PSA) was incorporated into the Judgment of Divorce (JOD). Among other issues, it addressed child support, requiring defendant to pay child support until each child became "emancipated as defined by [the] Agreement." One reason to emancipate was "[i]f the child continues education after high school, whether it be college or a trade school, then upon the child's graduation from said institution, as long as the child is a full-time matriculating student working

towards a degree or vocation."  College expenses were addressed in another section of the PSA.

After the divorce, plaintiff moved to California with the children.  Shortly afterwards, defendant followed.  Plaintiff  registered the JOD in California.

In 2015, plaintiff filed an application in the Superior Court of San Luis Obispo County, California to modify custody and child support.  Although the issue of the court's jurisdiction was raised because New Jersey was the "issuing state,"

> [n]either party filed the requested documents regarding jurisdiction prior to or at the time of the June 30, 2015, hearing.  Instead, they reported that they had resolved any disputed issues regarding jurisdiction.  They announced that they agreed to waive the requirement of a separate filing and notice to respondent, and both parties specifically agreed that this (California) court would handle all the issues relating to child support using California law (except that the court would not disturb the parties' separate contractual agreement—not designated as child support—regarding the parties paying for the children's college expenses.) . . . .  As a result of the parties' agreement, the court scheduled a hearing for August 24, 2015.

The court modified child support on August 24, 2015, by significantly increasing it.  That child support order provided, as part of a pre-printed form, that the child support amount would continue "until further order of the court, or until the child marries, dies, is emancipated, reaches [nineteen], or reaches

3

[eighteen] and is not a full-time high school student, whichever occurs first." This term for the duration of child support was consistent with California law. See Cal. Fam. Code § 3901(a)(1). Plaintiff did not appeal this order, which became "final" in October 2015.

Nearly two years later in 2017, defendant and plaintiff both filed applications before the court in San Luis Obispo County to modify child support. Plaintiff also requested to extend the duration term to what it had been under the PSA. However, on August 25, 2017, the California court "denied [plaintiff's] request to extend child support as delineated in the parties' divorce decree from New Jersey." Plaintiff filed a request to set aside the August 25, 2017 order, but the request was denied in February 2018. Plaintiff also appealed the August 25, 2017 order, but her subsequent request to dismiss the appeal was granted on March 20, 2018.

On March 2, 2018, plaintiff filed a new case in the Superior Court of San Luis Obispo County, requesting to modify child support, retroactively, and to vacate the August 24, 2015 and August 25, 2017 orders due to an alleged error about the duration provision.

Plaintiff's application was denied on August 24, 2018, following a hearing. In its written decision, the court explained plaintiff had filed a "new

4

case" as a "collateral attack on the court's prior rulings." The court noted that no appeal was taken of the prior August 24, 2015 order. Although plaintiff filed an appeal of the August 25, 2017 order, she had requested its dismissal. The court explained that both the orders were final orders and denied plaintiff's request to attack them collaterally. The court modified the child support amount, noting that its order did "not affect the parties' separate agreement, contained in their New Jersey judgment, relating to their obligations for college expenses of their children."

Meanwhile on May 29, 2018—in connection with plaintiff's challenge to the San Luis Obispo County Department of Child Support Service's alleged lack of enforcement of her New Jersey child support order—an administrative law judge (ALJ) found the August 24, 2015 order was "valid and enforceable" and determined it to be the "controlling child support order" because the time to appeal it had elapsed.

Turning now to New Jersey, plaintiff filed an application[1] for post-disposition relief on July 2, 2018, requesting modification of the California child support order to restore the duration term used in the PSA. She also filed a

---

[1] Plaintiff's application before the Superior Court in San Obispo County was still pending. The hearing in that case was August 23, 2018, resulting in the August 24, 2018 order.

A-2446-18T1

Uniform Support Petition and a Child Support Enforcement Request to establish an order for child support, to modify an order of the "[r]esponding [t]ribunal" and to collect arrears. Plaintiff requested modification of the duration provision to that used in the PSA. Plaintiff alleged the duration provision was a non-modifiable term of the initial support order.

Because both children now were eighteen or older, the California order of child support had terminated. Plaintiff certified that both children were attending post-secondary schools; plaintiff was paying for their support and expenses.

The Family Part judge scheduled a case management conference to discuss jurisdiction and held oral argument on September 24, 2018. Plaintiff argued the Uniform Interstate Family Support Act (UIFSA), N.J.S.A. 2A:4-30.124 to -30.201, granted New Jersey continuing, exclusive jurisdiction over the duration term of the child support order and asked the court to enforce that part of the New Jersey order. Defendant argued that only California had continuing, exclusive jurisdiction to modify the child support. Even if the California courts should have applied New Jersey law in determining the duration term, defendant argued plaintiff lost her ability to challenge that issue by not appealing in California.

A-2446-18T1

On January 22, 2019, the Family Part judge denied plaintiff's motion, finding New Jersey did not have jurisdiction to modify the duration term that the California court had applied. The trial court found, by applying to modify child support in the California courts, "both parties recognized that California is the appropriate state to modify any and all issues as to the child support order between them." It concluded the California orders were controlling. Plaintiff did not appeal those orders or ask for reconsideration. The trial court agreed with the California ALJ that "[o]nce the time to appeal passed, the 2015 California order became valid, enforceable and controlling." (emphasis omitted). The trial court could not modify the California order because New Jersey no longer had continuing, exclusive jurisdiction and concluded it lacked jurisdiction to modify the duration of the child support or any other provisions of these orders. The court also would not bifurcate the issue of duration enforcement from support enforcement because that could lead to conflicting rulings, and create confusion and further litigation. The court denied plaintiff's request for attorney's fees.

On appeal, plaintiff argues that UIFSA vests continuing, exclusive jurisdiction over the duration of child support with New Jersey because it issued the original child support order, and because the duration term is non-

A-2446-18T1

modifiable. She contends the Family Part judge should have exercised jurisdiction, because the California orders, which modified the duration term, were void on their face. Plaintiff argues the trial court incorrectly analyzed her request as one for bifurcation of the orders and erred by finding the parties agreed California would have jurisdiction over the duration term. Plaintiff asserts the trial court should have granted her request for attorney's fees.

## II.

"[W]e accord great deference to discretionary decisions of Family Part judges[,]" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012), in recognition of the "family courts' special jurisdiction and expertise in family matters." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The legal issues raised here require our de novo review.

Plaintiff contends New Jersey has continuing, exclusive jurisdiction over the duration of the child support order because it issued the initial order, and by

not exercising jurisdiction, the trial court committed reversible error, compounding the errors made by the California courts. She contends the California orders are void because the courts did not have the authority to modify the duration term. Plaintiff contends on appeal that she is not seeking to modify any California orders, but to enforce New Jersey's initial order that she then intends to register in California.

"UIFSA is a model act adopted by the National Conference of Commissioners on Uniform State Laws . . . ." Marshak v. Weser, 390 N.J. Super. 387, 390 (App. Div. 2007). The purpose of UIFSA is to "advance[] 'unity and structure in each state's approach to the modification and enforcement of child support orders.'" Lall v. Shivani, 448 N.J. Super. 38, 45 (App. Div. 2016) (quoting Sharp v. Sharp, 336 N.J. Super. 492, 503 (App. Div. 2001)). "[UIFSA] resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not all reside in the same state." Ibid. This is to ensure "that only one support order is in effect at a particular time (known as the 'one order, one time' rule)." Fall & Romanowski, Child Custody Protection & Support, § 33:3-3(a). "[A] court that enters an order establishing

child support retains continuing, exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement, until continuing, exclusive jurisdiction is conferred on another state's tribunal by operation of the Act." Lall, 448 N.J. Super. at 46; see N.J.S.A. 2A:4-30.133(a)(1).

In this case, New Jersey issued the first child support order in 2011. After that, the family relocated to California. "[W]hen all the parties have left the state, New Jersey may not modify a child support order, even though it issued the controlling order" where the parties have consented that another state can modify the order. Lall, 448 N.J. Super. at 47; see N.J.S.A. 2A:4-30.133(b)(1). California modified the child support order beginning in 2015, giving that State continuing, exclusive jurisdiction to modify child support.

Relevant here:

> If a tribunal of another state has issued a child support order pursuant to the "Uniform Interstate Family Support Act," . . . or a law substantially similar to that act which modifies a child support order of a tribunal of this State, tribunals of this State shall recognize the continuing, exclusive jurisdiction of the tribunal of the other state.
>
> [N.J.S.A. 2A:4-30.133(c) (citations omitted).]

Thus, because California has continuing, exclusive jurisdiction, its order became the controlling order pursuant to N.J.S.A. 2A:4-30.135(b)(1) that New Jersey is to recognize.

That said, our statute provides "[a] tribunal of this State may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support." N.J.S.A. 2A:4-30.178(c). With specific regard to duration, N.J.S.A. 2A:4-30.178(d) provides, "[i]n a proceeding to modify a child support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support."

California has similar provisions under its version of UIFSA. See Cal. Fam. Code § 5700.611(c) to (d). Plaintiff relies on these portions of UIFSA for her argument that New Jersey retained continuing, exclusive jurisdiction over the duration term of the initial child support order.

In July 2018, plaintiff applied in New Jersey to modify the California orders. However, New Jersey courts had no jurisdiction to modify an order from California because California had continuing, exclusive jurisdiction to modify the child support orders, not New Jersey. We agree with the trial court that plaintiff's motion for modification was appropriately dismissed on that basis.

On appeal, plaintiff argues she is seeking to enforce the original PSA in New Jersey, not to modify the California orders. However, that relief would create a conflict with the California orders, and violate a central tenet of UIFSA that only one support order is effect at a time. See Fall & Romanowski, § 33:3-3(a); N.J.S.A. 2A:4-30.133(c). Although plaintiff relies on Marshak, 390 N.J. Super. at 387, that case is distinguishable. In Marshak, we applied Pennsylvania law with respect to the duration term of a child support order. Id. at 391. All the parties resided in New Jersey, not in Pennsylvania, and thus New Jersey had continuing, exclusive jurisdiction to modify child support and to determine which state's law applied. Id. at 389. California has continuing, exclusive jurisdiction here. That plaintiff was unsuccessful on multiple occasions in convincing the courts in California to change the duration term and then withdrew her appeal on that issue in California, does not mean plaintiff is now able to obtain relief in New Jersey.

In Lamancusa v. Department of Revenue o/b/o Lamancusa, 250 So. 3d 812, 816 (Fla. Dist. Ct. App. 2018), the court held that Florida's version of UIFSA § 611 were "choice-of-law provisions, not limitation[s] of subject matter jurisdiction provisions." In that case, the court held that the state with continuing, exclusive jurisdiction had subject matter jurisdiction regarding the

duration term and needed to determine which state's law to apply in construing it. Id. at 816-17. In the present case, New Jersey does not have subject matter jurisdiction because it no longer has continuing, exclusive jurisdiction. The trial court was correct to deny plaintiff's application for relief in light of California's jurisdiction.

Finally, the trial court did not abuse its discretion in denying plaintiff's request for attorney's fees. See Sharp v. Sharp, 336 N.J. Super. 492, 505-06 (App. Div. 2001) (providing that a trial court's decision to decline to award counsel fees is reviewed for abuse of discretion). Plaintiff did not submit an affidavit of services and merely referenced a request for fees in her supporting certification, not her motion. In addition, because the court did not have continuing, exclusive jurisdiction to modify the support order, it correctly denied plaintiff's request for counsel fees. See Johnson v. Bradshaw, 435 N.J. Super. 100, 117 (Ch. Div. 2014) (declining to address attorney's fees where court lacked subject matter jurisdiction).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13