NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3054-14T3

ANIL K. LALL,

    Plaintiff-Respondent,

v.

MONISHA SHIVANI,

    Defendant-Appellant.

APPROVED FOR PUBLICATION

December 6, 2016

APPELLATE DIVISION

Submitted October 13, 2016 – Decided  December 6, 2016

Before Judges Lihotz, O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1722-09.

Monisha Shivani, appellant pro se.

Respondent has not filed a brief.

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

Defendant Monisha Shivani challenges the Family Part's exercise of continuing exclusive jurisdiction, implicating provisions of the Uniform Interstate Family Support Act (the Act), now codified at N.J.S.A. 2A:4-30.124 to - 30.201. Defendant appeals from a January 5, 2015 post-judgment order, which denied reconsideration of orders modifying her child

support obligation. Defendant maintains the orders must be vacated because her relocation to North Carolina, the child's home state, deprives the Family Part of jurisdiction to consider the issues.

As we discuss in our opinion, the Act was recently amended, including provisions regarding a New Jersey tribunal's authority to modify a controlling child support order when parents and child no longer reside in New Jersey. See L. 2016, c. 1, eff. April 1, 2016. When the orders under review were entered, the prior version of the Act, now repealed, was in effect. Following our review, we conclude the facts support the Family Part's authority to exercise continuing exclusive jurisdiction, permitting the modification of the previously issued child support order. We further conclude the amendments to the Act have no impact on the instant matter. Consequently, we affirm. However, we are compelled to observe the amendments have altered the jurisdictional foundations when the parents or guardians and the child no longer reside in New Jersey.

The parties are divorced and have one child. Plaintiff Anil Lall was awarded sole legal and residential custody on November 19, 2010, subject to defendant's limited parenting time. The custody order survived entry of the final judgment of

divorce. Various post-judgment proceedings were conducted to modify defendant's parenting time.

Plaintiff secured employment in North Carolina and sought to remove the child from New Jersey. His application was granted and the June 28, 2013 order delineated defendant's parenting time in New Jersey and North Carolina. The judge also ordered a reduction in defendant's child support obligation, based on the costs of exercising parenting time in North Carolina.

Additional post-judgment motions filed by defendant led to a June 23, 2014 plenary hearing, after which defendant's parenting time was increased. In the course of the hearing, defendant disclosed she moved to North Carolina.[1] The order described defendant's regular parenting time and the parties' designated holidays and vacation parenting time.

The parties' filed motions for reconsideration. Following review, the judge agreed to correct certain provisions, denied challenges to others, and modified child support based on defendant's increased parenting time. Because inter-state visitation was no longer an issue, the calculation no longer

_____

[1] The record does not include the transcript of this proceeding. The facts are taken from the Statement of Reasons accompanying the judge's order.

included a parenting-time expense reduction. The effect was defendant's obligation increased.

Included in the October 15, 2014 order was a determination the litigation in New Jersey had concluded and Judge William F. Helms, III, of the District Court of North Carolina, accepted jurisdiction because North Carolina was now the home state of the child and the residence of both parties. On October 17, 2014, the judge entered a second form order, which memorialized the child support related terms stated in the October 15, 2014 order, provided an effective date for the modified child support amount and, citing the Uniform Child Custody Jurisdiction and Enforcement Act, N.J.S.A. 2A:34-53 to 2A:34-95, stated "the District Court of North Carolina accepts jurisdiction of this case . . . ."

Defendant filed a letter, objecting to the October 15, 2014 order "under the Five-Day Rule." See R. 4:42-1(c) (requiring generally that written objections to the form of an order be submitted within five days after service). She challenged the child support calculation and, for the first time, the Family Part's jurisdiction. Defendant asserted she consented to North Carolina as the child's home state and "waived New Jersey's jurisdiction." Moreover, since jurisdiction rested in North

Carolina, she maintained the October 15 and 17 orders must be vacated.

Defendant followed her letter by filing a motion for reconsideration. The motion included her newly raised jurisdictional challenge. The motion was denied on January 5, 2015, and this appeal followed.

Defendant does not challenge New Jersey as the state that established child support when both parties were New Jersey residents. The Family Part had both personal and subject matter jurisdiction when it entered the establishment order. Instead, citing the Act, defendant's argument suggests her move to North Carolina, which was also the child's home state and plaintiff's residence, stripped the Family Part of subject matter jurisdiction to modify the child support order, making subsequent orders unenforceable.

There are procedural problems regarding the presentation of defendant's argument, including the timeliness of her challenge to the October 15, 2014 order, which she filed on February 11, 2015.[2] Nevertheless, because no opposition to her appeal was

---

[2] Even were we to consider the date of the final order as October 17, 2014, after accounting for the period of stay pending reconsideration filed on November 5, 2014, the notice of appeal was filed on February 11, 2015, thirty-two days following denial of reconsideration, fifty-six days following entry of the
(continued)

advanced, we will address the merits. The necessary context and understanding of the issue presented by defendant's appeal require we first recite the current and prior statutory provisions of the Act directed to this issue.

The Act, both in its prior and current form, advances "unity and structure in each state's approach to the modification and enforcement of child support orders." Sharp v. Sharp, 336 N.J. Super. 492, 503 (App. Div. 2001) (quoting Youssefi v. Youssefi, 328 N.J. Super. 12, 20 (App. Div. 2000) (citing 42 U.S.C.A. § 666(f))). The Act resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not all reside in the same state. See Ibid. ("[The Act,] governing the interstate establishment, modification, and enforcement of child support . . . 'provides a comprehensive framework for dealing with the jurisdictional problems at hand.'" (quoting Peace v. Peace, 325 N.J. Super. 122, 127 (Ch. Div. 1999))).

_____

(continued)
final order. The appeal should have been filed by or on January 31, 2015. R. 2:4-1.

The 2016 amendments to the Act did not deviate from the scheme effectuated by the prior version. Rather, the 2016 amendments abide provisions of the federal Preventing Sex Trafficking and Strengthening Families Act, P.L. No.113-183 (2014), 42 U.S.C.A. §§ 675, 675(a), whose

> amendments incorporate the provisions required by the Hague Convention on the International Recovery of Child Support and Other Forms of Family Maintenance . . . to which the United States is a signatory. The amendments to the Uniform Act were developed and approved by the Uniform Law Commission for adoption in all jurisdictions.
>
> [Senate Judiciary Committee, Statement to Senate, No. 995 (February 8, 2016).]

Furthermore,

> The bill repeals New Jersey's 1998 version of UIFSA [the Act], sections 1 through 58 of P.L. 1998, c.2 (C.2A:4-30.65 through C.2A:4-30.123), and implements a new UIFSA which encompasses those amendments promulgated by the Uniform Law Commission. The bill provides guidelines and procedures for the registration, enforcement and modification of foreign support orders. It also establishes basic jurisdictional standards including continuing, exclusive jurisdiction, rules for determining which state issues the controlling order in the event of proceedings in multiple jurisdictions, and rules for modifying support orders.
>
> The most notable change is the addition of a new Article 7 to UIFSA. This article establishes guidelines and procedures for the registration, recognition, enforcement, and modification of foreign support orders

of countries that are parties to the Convention. Article 7 provides that a party seeking recognition of a support order must register. Once registered, the tribunal notifies the parties and an opportunity to challenge the order is provided. Unless grounds for denying recognition of the order are established, the order is enforced. Another change between the old and new UIFSA is the addition of a section concerning the conditions under which a tribunal has the authority to modify a spousal support order.

[Ibid.]

Critical to the jurisdictional uniformity intended under the Act's interstate system of modifying and enforcing child support orders is identification of the controlling child support order and the tribunal authorized to exercise "continuing exclusive jurisdiction." N.J.S.A. 2A:4-30.133. In short, a court that enters an order establishing child support retains continuing exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement, until continuing exclusive jurisdiction is conferred on another state's tribunal by operation of the Act.

The new statutory provisions preserve concepts regarding continuing exclusive jurisdiction as the foundation governing modification of a controlling child support order. When a New Jersey tribunal enters a child support order, so long as one party remains in the state, the Act still directs:

a. A tribunal of this State that has issued a child support order consistent with the law of this State has and shall exercise continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and:

(1) at the time of the filing of a request for modification this State is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued . . . .

[N.J.S.A. 2A:4-30.133(a).]

The amendments change procedures followed when all parties have moved from New Jersey. Now N.J.S.A. 2A:4-30.133(a)(2) permits the state to exercise continuing exclusive jurisdiction

even if this State is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this State may continue to exercise jurisdiction to modify its order.

Therefore, parties who initiate a child support proceeding in New Jersey, who subsequently leave New Jersey, may decide our courts should modify the order by consenting orally or in writing to the Family Part's jurisdiction.

However,

A tribunal of this State that has issued a child support order consistent with the law of this State may not exercise continuing, exclusive jurisdiction to modify the order if:

9

A-3054-14T3

> (1) all . . . parties who are individuals
> file consent in a record with the tribunal
> of this State that a tribunal of another
> state that has jurisdiction over at least
> one of the parties who is an individual or
> that is located in the state of residence of
> the child may modify the order and assume
> continuing, exclusive jurisdiction . . . .
>
> [N.J.S.A. 2A:4-30.133(b) (emphasis added).]

Accordingly, when all parties have left the state, New Jersey may not modify a child support order, even though it issued the controlling order, if all individual parties file written consent in New Jersey stating another tribunal, with personal jurisdiction over one party or which is the child's home state, should modify the controlling order. N.J.S.A. 2A:4-30.133(b)(1).[3]

---

[3] Importantly, we alert the Legislature to a perceived gap between these separate jurisdictional provisions. For example, if New Jersey issued the controlling order, but all individual parties and the child no longer reside in the state, N.J.S.A. 2A:4-30.133(a)(2) requires consent on the record to allow New Jersey's exercise of subject matter jurisdiction to modify the child support order. If one party declines to do so, and, further, all individuals do not file written consents in New Jersey for another tribunal to exercise jurisdiction as mandated by N.J.S.A. 2A:4-30.133(b)(1), the proper tribunal with authority to grant relief remains unclear. Because litigation surrounding the enforcement of child support orders is often contentious, requiring consent in order to proceed invites obstinate parties to withhold consent and delay enforcement. As noted in our opinion, this question is not triggered by the facts under review, as the prior statute did not create a similar gap.

This differs from the repealed provisions, which provided New Jersey retained continuing exclusive jurisdiction to modify the controlling child support order it issued "until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing exclusive jurisdiction." N.J.S.A. 2A:30.72(a)(2) (emphasis added) (repealed by L. 2016, c. 1, eff. April 1, 2016). The former Act designates New Jersey as the tribunal to modify an order until all parties agree otherwise. Ibid.

We turn to the matter at hand. Defendant argues New Jersey lost jurisdiction to modify its prior order. She argues the Family Part lacked personal jurisdiction. This argument is rejected because both parties appeared and participated in the post-judgment proceedings. Nevertheless, we recognize defendant's intended challenge is directed to subject matter jurisdiction.

Challenges to subject matter jurisdiction may be raised at any time. Macysyn v. Hensler, 329 N.J. Super. 476, 481 (App. Div. 2000). See also R. 4:6-7 ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the matter . . . ").

A-3054-14T3

When these post-judgment proceedings commenced, defendant resided in New Jersey. New Jersey issued the controlling child support order in November 2010, conferring continuing exclusive jurisdiction to modify the child support order as long as one of the parties remained in the state. N.J.S.A. 2A:4-30.133; N.J.S.A. 2A:30.72(a)(1) (repealed by L. 2016, c. 1, eff. April 1, 2016).

During her plenary hearing testimony to consider her request for additional visitation, defendant revealed she relocated to North Carolina. Both parties appeared and participated in this proceeding. When defendant successfully secured additional parenting time, as set forth in the August 28, 2014 order, she filed a request for reconsideration, raising other matters, particularly the amount of ordered child support, which culminated in the October 15, 2014 order. The October 17, 2014 order merely placed the terms ordered on October 15, in a Uniform Summary Support Order because this form order is necessary to utilize the New Jersey Automated Child Support System and automated payment center that is supervised by Probation Services. R. 5:7-4(b).

Accepting the factual findings accompanying the judge's order regarding defendant's challenge to the court's jurisdiction, we note by filing motions regarding parenting time

and child support, and appearing at the hearing, both parties consented to New Jersey's continued exercise of jurisdiction, as no new action was initiated in North Carolina. The judge was guided by the provisions of the now repealed statute, and properly exercised jurisdiction as the parties had not filed the required consents to allow North Carolina to consider issues in dispute as required by N.J.S.A. 2A:30.72(a)(2) (repealed by L. 2016, c. 1, eff. April 1, 2016).[4] The Act as modified was not effective until April 16, 2016. The orders issued prior to that date must be reviewed under the provisions of the prior statute. Maeker v. Ross, 219 N.J. 565, 578 (2014) ("[C]ourts generally will enforce newly enacted substantive statutes prospectively, unless it clearly expresses a contrary intent."). We conclude our task is to apply the provisions of the now repealed Act. Under the statute then in effect, defendant's jurisdictional challenges are unavailing.[5]

---

[4] Incidentally, jurisdiction would also be proper pursuant to N.J.S.A. 2A:4-30.133(a), were the new Act then in effect, because the parties consented to allow the judge to proceed on finalizing all issues raised in the parenting time proceeding and had not filed consents in New Jersey that another tribunal had acquired jurisdiction under N.J.S.A. 2A:4-30.133(b)(1).

[5] Were the new statute in effect, the facts evinced in this limited record also support jurisdiction in New Jersey because all parties filed pleadings and participated in the proceedings. N.J.S.A. 2A:4-30.133(a)(2) requires only a consent on the record to allow the continuation of jurisdiction.

Also, we reject as unfounded defendant's substantive attacks on the modified child support order. Defendant urges we determine the judge failed to consider plaintiff's wife's income as part of plaintiff's gross income for purposes of fixing child support. This is not the law and plaintiff's spouse has no legal obligation to contribute to the support of the parties' child. Hudson v. Hudson, 315 N.J. Super. 577, 582-83 (App. Div. 1998).

Defendant next challenges the amount of income imputed to her as "unrealistic." Although we have not been provided a transcript, the statement of reasons included with the order denying this argument raised on reconsideration, included the judge's factual findings on this issue. We determine these findings are supported by the record and conclude the judge did not abuse her reasoned discretion. Tash v. Tash, 353 N.J. Super. 94, 99 (App. Div. 2002) (providing when imputing income, a trial judge retains the discretion to realistically appraise capacity to earn and job availability).

> "'Imputation of income is a discretionary matter not capable of precise or exact determination[,] but rather require[es] a trial judge to realistically appraise capacity to earn and job availability.'" Gnall v. Gnall, 432 N.J. Super. 129, 158 (App. Div. 2013) (quoting Storey v. Storey, 373 N.J. Super. 464, 474 (App. Div. 2004)), [rev'd and remanded on other grounds, 222 N.J. 414 (2015)]. While an "abuse of

> discretion . . . defies precise definition,"
> we will not reverse the decision absent a
> finding the judge's decision "rested on an
> impermissible basis," considered "irrelevant
> or inappropriate factors," Flagg v. Essex
> Cnty. Prosecutor, 171 N.J. 561, 571 (2002)
> (citations and internal quotation marks
> omitted), "failed to consider controlling
> legal principles or made findings
> inconsistent with or unsupported by
> competent evidence." Storey, supra, 373 N.J.
> Super. at 479.
>
> [Elrom v. Elrom, 439 N.J. Super. 424, 434
> (App. Div. 2015).]

Here, the judge based the level of income imputed upon defendant's past demonstrated earning ability. Id. at 435. A judge may realistically review a parent's "potential earning capacity" rather than actual income, when imputing the ability to pay support. Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999).

The judge also found defendant had not sufficiently demonstrated she had a lower earning capacity or rebutted the charge she was underemployed, fully justifying the use of her last documented salary to compute child support. See Storey, supra, 373 N.J. Super. at 474 (holding an obligor bears the burden to establish earnings received match his or her earning capacity "in order to avoid imputation"). Defendant worked as a financial analyst for a major banking organization yet, in North Carolina she accepted the position of clerk in a retail

15 A-3054-14T3

department store. She provided no evidential support she underwent "extensive" job searches for similar employment when she moved to North Carolina or that she was unable to work in any greater capacity.

We also conclude the judge did not abuse her discretion in denying defendant's requested parenting time credits for (1) time that reduced plaintiff's parenting time to allow defendant to visit family in India; (2) possible days she may be off and might have visitation, which remained uncertain; (3) days included by defendant's "double counting" weekends occurring during summer parenting time.

Shared-parenting adjustments or awards are not presumptive, but are factually sensitive. Child Support Guidelines, Pressler & Verniero, Current New Jersey Court Rules, Appendix IX-A to R. 5:6A at www.gannlaw.com (2016). Our review determines the judge's findings are supported by credible evidence in the record and will not be disturbed. Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007) (stating "we do not second-guess . . . findings and the exercise of . . . sound discretion" by our Family Part judges).

Finally, defendant claims the judge erroneously denied her request for judicial notice of the fact North Carolina has a lower cost of living than New Jersey. Despite defendant's

insistence on this point, such facts are not "propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute," which are prerequisites to judicial notice pursuant to N.J.R.E. 201(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3054-14T3