# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the
internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4153-18

K.A.B.,

    Plaintiff-Appellant,

v.

M.P.,

    Defendant-Respondent.

_____

Submitted December 7, 2020 – Decided April 7, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Essex County, Docket
No. FD-07-1056-11.

K.A.B., appellant pro se.

M.P., respondent pro se.

PER CURIAM

Plaintiff K.A.B. appeals the April 18, 2019 order that denied his requests for relief. We affirm the order for reasons expressed by the Family Part judge's comprehensive, written opinion of the same date.[1]

I.

Plaintiff and defendant have one child, K.P., who was born in New Jersey in March 2010. Plaintiff was living in New Jersey at the time but later returned to Arkansas. Several Family Part orders have been entered involving child support and custody. This appeal is from the Family Part's April 18, 2019 order.

We glean the facts from the record provided to us. We relate background information to provide context.

On August 24, 2010, plaintiff filed a complaint requesting sole legal and physical custody of K.P., and for removal to Arkansas. He filed an order to show cause shortly after seeking emergent relief. After a hearing on September 13, 2010, the Family Part judge denied plaintiff's order to show cause, ordered joint legal custody to the parents and granted plaintiff open and liberal visitation.

---

[1] Plaintiff included the order and written opinion in a "confidential appendix." He also filed a "confidential reply appendix" with his reply brief. Both are stamped in red "SEALED." We are not aware of any order sealing the appellate record. Out of an abundance of caution, we refer to the parties by their initials to maintain confidentiality, if it is necessary to do so. This is not precedential for this or any other appeals.

A-4153-18

The case returned to court the next month.  Custody continued as previously ordered.  Mediation was ordered because plaintiff was moving to Arkansas.

In October 2010, the parties entered into a Consent Order where they agreed to joint legal custody, defendant was designated as the parent of primary residence (PPR) and plaintiff was accorded parenting time.  A parenting time schedule was attached to the order.  The parties agreed to return for additional mediation, but the subsequent mediation was not successful.  The court ordered the prior orders to remain in effect.

In March 2011, plaintiff's motion for removal was denied without prejudice.  The court again ordered joint legal custody with defendant designated as the PPR.  The order addressed other issues such as medical and educational records, doctor's appointments, and parenting time.  Plaintiff was to provide income information in ten days to calculate child support.  If he did not, defendant could file a motion to request the imputation of income.

On June 7, 2011, plaintiff's motions for reconsideration were denied (the June 7, 2011 child support order).  The court again ordered that the parties have joint legal custody and that defendant is the PPR.  Plaintiff was ordered to pay $150 per week in child support.

A-4153-18

Plaintiff filed a number of motions. These were heard by a different Family Part judge, who issued an order and a fifty-five-page opinion on March 8, 2012 (the March 8, 2012 order).[2] Plaintiff does not indicate he appealed this order.

A few months later, defendant filed an order to show cause. By order dated October 1, 2012, the Family Part judge found plaintiff was in violation of litigant's rights for not returning the child to New Jersey as ordered (the October 1, 2012 suspension order). The order "suspended indefinitely" plaintiff's parenting time with the child until further court order. Plaintiff was to submit to a psychological evaluation in New Jersey by a psychologist/psychiatrist appointed by the court. The court denied without prejudice defendant's request for sole legal and residential custody at this time.

In June 2018, plaintiff filed a notice of removal to the bankruptcy court in the Eastern District of Arkansas where an action was pending. By September 2018, plaintiff sought an administrative review because he had over $28,000 in child support arrears and faced a federal tax offset. The Bankruptcy Court remanded the case to the state court in October 2018, dismissing the federal action without prejudice.

---

[2] The order and opinion are not included in the appendix by the parties.

A-4153-18

Procedurally relevant to this appeal, plaintiff filed a motion to terminate child support in November 2018. He argues that the June 7, 2011 child support order altered the parties' 2010 Consent Order because that order did not provide for child support. He alleges the October 1, 2012 suspension order was entered ex parte and indefinitely suspended or terminated his parental rights. He argues he was not afforded a plenary hearing. Plaintiff argues the June 7, 2011 child support order was entered without consent and violated federal and state regulations. Plaintiff received notice about a passport denial based on child support arrears. Plaintiff requested the case be designated as complex under Rule 5:4-2(j).

A hearing was held on February 19, 2019, with the court reserving decision. In the Family Part judge's written decision of April 17, 2019 (the April 2019 decision), he noted that plaintiff's motion "concerns child support and custody issues" and that these issues have been "previously raised and decided, sometimes on numerous prior occasions by any of the six preceding judges . . . ." Plaintiff's motions sought to vacate the June 7, 2011 child support order and the October 1, 2012 suspension order, alleging that due process was violated and that a plenary hearing should have been held. The Family Part judge noted the last series of motions were addressed in 2016. Neither party included any

of the 2016 orders or decisions in the appendices they have filed with their appellate briefs.

The Family Part judge found the issues plaintiff was raising were "previously raised and decided" by another judge in her March 8, 2012 order, which was supported by a fifty-five-page opinion. The Family Part judge quoted from the 2012 fifty-five page opinion that plaintiff "just re-argues and reiterates the same allegations and assertion[s] that he has . . . filed with the court over the last eighteen months . . . ." Nonetheless the Family Part judge noted the March 2012 opinion addressed the issues that were raised.

The Family Part judge agreed with the March 8, 2012 order and opinion that New Jersey's courts had personal jurisdiction over plaintiff. Specifically, plaintiff availed himself of New Jersey's jurisdiction when he filed the initial complaint on August 24, 2010. The court enumerated other reasons that New Jersey had jurisdiction.

The Family Part judge found this case involved an exercise of "specific" jurisdiction because plaintiff's claim under the Uniform Interstate Family Support Act (UIFSA), N.J.S.A. 2A:4-30.124 to -30.201, related to his activities while he was here in New Jersey. He availed himself of the courts in New Jersey through multiple motions. He was here physically. He knew defendant was a

6

New Jersey resident. The Family Part judge found these to be "substantial contacts with New Jersey" and that plaintiff should have anticipated its jurisdiction over him "to respond to a claim for support for a child born and cared for by him in New Jersey."

UIFSA permits the exercise of personal jurisdiction over a non-resident if certain factors are met. See N.J.S.A. 2A:4-30.129(a). The Family Part judge found that the March 8, 2012 order addressed this. Plaintiff acknowledged when he was before the court in February 2011, that he was living in Montclair. He discussed his income in 2010 and that he and defendant lived together in New Jersey for a year. There was mention about the tax deduction for the child.

The Family Part judge found there were other reasons for jurisdiction. No one disputed the child was born in New Jersey. Plaintiff acknowledged to the Family Part judge that some of the time he was seeing defendant was in New Jersey before the child was conceived. The Family Part judge found plaintiff's testimony not credible when he asserted he was residing in New York because that was not what he represented to the court in February 2011.

The Family Part judge agreed with the March 8, 2012 order and also independently concluded that New Jersey's courts had personal jurisdiction over plaintiff "whether it is because plaintiff was living in New Jersey when [the]

A-4153-18

proceedings commenced (some of which were commenced by him) or by the long arm statutory provisions of UIFSA." The court found

> plaintiff was not a New Jersey domiciliary originally, but moved to New Jersey, stayed with the plaintiff and child during both the prenatal period and after the child's birth, remained in New Jersey for a substantial period of time even after the parties separated, filed motions for custody, visitation and removal, responded to a cross-motion filed on January 11, 2011 while he was still in New Jersey (thus the basis for [the March 8, 2012 judge's] conclusion that plaintiff subjected himself to the court's jurisdiction), and has filed subsequent motions in New Jersey courts at various times seeking relief.

The Family Part judge noted plaintiff left New Jersey shortly after his motion for removal was denied in March 2011. The Family Part judge found the exercise of jurisdiction on these facts did not deprive plaintiff of due process.

The Family Part judge found the March 8, 2012 order disposed of the "original custody disputes." The court noted that plaintiff's parental rights were suspended not terminated, and that his obligation to pay child support continued. The October 1, 2012 order that suspended plaintiff's parenting time was conditioned on plaintiff participating in a psychological evaluation. The Family Part judge denied without prejudice plaintiff's motion to invalidate the suspension order because he did not complete a psychological evaluation. The Family Part judge did not restrict the situs of the evaluation to New Jersey,

8

concluding plaintiff could file another motion "once he has obtained a psychological evaluation regardless of where it is obtained."  The Family Part judge denied plaintiff's motions.

On appeal, plaintiff raises these arguments.

I.  THE TRIAL COURT ERRED IN DENYING PLAINTIFF CASE REASSIGNMENT TO COMPLEX TRACK BECAUSE DECADE-LONG CASE IS AN EXCEPTIONAL ONE THAT CANNOT BE JUSTLY AND FAIRLY HEARD AS A SUMMARY MATTER.

II.  THE TRIAL COURT ERRED IN DENYING PLAINTIFF VACATION OF

(1)  COURT ORDER ESTABLISHING CHILD SUPPORT;

(2)  ALL SUBSEQUENT COURT ORDERS MODIFYING CHILD SUPPORT; AND

(3)  ALL COURT ORDERS MODIFYING ORIGINAL CUSTODY AGREEMENT ENTERED INTO MUTUALLY BETWEEN PLAINTIFF AND DEFENDANT WITHOUT NOTICE TO, AND CONSENT OF, BOTH PARTIES AND WITHOUT CONDUCTING A PLENARY HEARING, THEREBY DEPRIVING PLAINTIFF OF DUE PROCESS AND EQUAL PROTECTION, THUSLY CREATING AND PERPETUATING, HARMFUL STRUCTURAL ERRORS THAT HAVE CONTINUED TO PRODUCE UNJUST

RESULTS WITHOUT SUFFICIENT FINDINGS THROUGHOUT THE PENDENCY OF THIS DECADE-LONG CASE.

III. THE TRIAL COURT ERRED IN DENYING REVIEW OF NJOCSS'S REFUSAL TO PROVIDE PLAINTIFF WITH A RECENTLY REQUESTED ADMINISTRATIVE HEARING REGARDING TAX OFFSET AND PASSPORT REVOCATION, AS WELL AS A MULTITUDE OF PREVIOUSLY REQUESTED ADMINISTRATIVE HEARINGS OVER THE LAST NINE YEARS, THEREBY DEPRIVING PLAINTIFF OF DUE PROCESS AND EQUAL PROTECTION, THUSLY PERPETUATING, HARMFUL STRUCTURAL ERRORS THAT HAVE CONTINUED TO PRODUCE UNJUST RESULTS WITHOUT SUFFICIENT FINDINGS THROUGHOUT THE PENDENCY OF THIS DECADE-LONG CASE.

II.

We accord "great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted), in recognition of the "family courts' special jurisdiction and expertise in family matters . . . ." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special

deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

We affirm the Family Part order dated April 18, 2019, substantially for the reasons set forth in the Family Part judge's written opinion dated April 17, 2019. We add the following brief comments.

A non-dissolution case is "presumed to be summary and non-complex . . . ." R. 5:5-7(c). A Family Part judge has the discretion to place a case on the complex track. Ibid. Complex cases are "exceptional cases that cannot be heard in a summary manner." Ibid. These are cases where "discovery, expert evaluations, extended trial time or another material complexity" requires this treatment. Ibid.

Defendant argues the Family Part judge should have reassigned this case to the complex track because of its "multi-layered nature." However, because we have affirmed the order that denied these motions, we have no reason to address the case track. If the need arises, the Family Part can address this based on a new filing. We caution, however, that the issues raised here — child support and custody — are the grist of the Family Part, and often are addressed

11

in a summary manner.  The complex track is for the exceptional cases.  See R. 5:5-7(c).

Plaintiff argues the Family Part erred by not granting his requests to vacate the June 7, 2011 child support order and all orders entered after that which modify it.  He claims the trial court did not comply with the requirements to establish child support.  Plaintiff argues the trial court erred by not vacating all custody orders that modified the original consent order from October 2010 because they all were entered without due process and without a plenary hearing.  He is alleging that his parenting time was suspended without due process of law.  Plaintiff argues that his income tax refund was taken to pay for child support arrears, his passport was revoked and his income garnished.  Plaintiff asks that we invoke and retain original jurisdiction and reverse all the court's orders that dismissed his motions in 2018-2019.  He asks for a host of other relief.[3]

We find no error in the Family Part's conclusion that specific jurisdiction is sufficient to satisfy due process.  Specific jurisdiction is present when the

---

[3] Plaintiff requests that we find there is an equal shared parenting arrangement with plaintiff as the PPR; vacate the income withholding order, federal tax offset and revocation of passport; refund all his child support monies; require defendant to deliver the minor child to him and that he have compensatory parenting time; require New Jersey to close both child support cases; hold that the best interest report is controlling and remand to the trial court to require it to change venue.

"cause of action arises directly out of a defendant's contacts with the forum state." Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 119 (1994) (citation omitted). Whether "minimum contacts" are present for the purposes of specific jurisdiction depends upon "the relationship among the [plaintiff], the forum, and the litigation." Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). The record amply supports the Family Part findings of specific jurisdiction considering the possibility plaintiff fathered the child in New Jersey and availed himself of our courts regarding issues of custody and parenting time about the child.

We find no abuse of discretion in the Family Part's determination that New Jersey has jurisdiction over this child support matter. UIFSA "advances 'unity and structure in each state's approach to the modification and enforcement of child support orders.'" Lall v. Shivani, 448 N.J. Super. 38, 45 (App. Div. 2016) (quoting Sharp v. Sharp, 336 N.J. Super. 492, 503 (App. Div. 2001)). It "resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not all reside in the same state." Ibid. N.J.S.A. 2A:4-30.129(a) addresses grounds for jurisdiction over a non-resident.

The Family Part judge found the factors under N.J.S.A. 2A:4-30.129(a) were satisfied. Our review of this record shows that the Family Part judge's findings were amply supported.

We agree with the Family Part judge that this case does not involve a termination of parental rights. None of the orders included in the appendix provided for that. However, plaintiff's parenting time was suspended until he submits to a psychological examination. The initial order provided that the examination was to be conducted in New Jersey. However, the Family Part judge modified that order, concluding that the examination could be conducted in Arkansas. We find no abuse of discretion by the court in requiring this.

We agree with the Family Part judge that the issues raised in plaintiff's motions, where he seeks to vacate the June 7, 2011 child support order and such other orders, and the October 1, 2012 suspension order and other such orders, have been raised and decided previously. Plaintiff does not actually challenge this finding, e.g. that the issues raised were decided in other motions and then were not appealed. Plaintiff seemingly wants the same orders reviewed again, but on a record that is not only incomplete but that he purports is sealed. Our review is hampered by an incomplete record on appeal. See R. 2:5-4(a). We are constrained to affirm in light of this inadequacy. See Soc. Hill Condo. Ass'n,

Inc. v. Soc. Hill Assoc., 347 N.J. Super. 163, 178 (App. Div. 2002) ("Without the necessary documents . . . we have no alternative but to affirm.").

After carefully reviewing the record and the applicable legal principles, we conclude that plaintiff's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4153-18