**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4551-19

PAUL G. GREENSTEIN,

    Plaintiff-Appellant,

v.

MARINA A. GREENSTEIN,

    Defendant-Respondent.

_____

> Argued February 9, 2022 – Decided March 18, 2022
>
> Before Judges Hoffman, Whipple and Geiger.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4677-18.
>
> Howard N. Sobel argued the cause for appellant (Law Offices of Howard N. Sobel, PA, attorneys; Howard N. Sobel and Margaret D. Nikolis, on the briefs).
>
> Alexander Fishbeyn argued the cause for respondent (Law Offices of Peter E. Briskin, PC, attorneys; Alexander Fishbeyn, on the brief).

PER CURIAM

This is an appeal from an order dismissing a complaint filed in the Law Division because neither party registered their judgment of divorce and settlement agreement in New Jersey as required for either party to enforce its provisions under N.J.S.A. 2A:4-30.133 of the Uniform Interstate Family Support Act (UIFSA). Plaintiff, Paul G. Greenstein, and defendant, Marina A. Greenstein, married on April 6, 1994, and had a son. While married, the parties maintained a stock account with TD Ameritrade (TD account) as joint tenants, and this account was designated as the son's college fund.

The marriage was terminated in March 2010 by a New York judgment of divorce, which included provisions for parenting and child support. The parties signed a stipulation of settlement. The stipulation was dated November 23, 2009, subsequently amended twice, and incorporated by reference, but not merged, into an amended judgment of divorce.

On March 29, 2011, the parties entered a modification of the stipulation. The modification included provisions for, among other things, defendant providing copies of the TD account bank statements. Around the times of both the stipulation and of the modification, there were approximately $140,000 in the TD account.

A-4551-19

The son started college in September 2012 and graduated in June 2017, with approximately $55,389 remaining in the TD account. Neither the stipulation nor the modification stated how excess funds would be distributed. On December 18, 2017, plaintiff proposed dissolving the TD account by the end of the year and equally splitting the balance between the parties by defendant taking her share then removing her name from the account. The parties emailed back and forth over a couple weeks but could not agree about how to equitably distribute the remaining funds in the account.

On June 25, 2018, plaintiff filed a complaint against defendant in the Law Division in Bergen County, alleging breaches of the modification and stipulation incorporated by reference into the amended judgment of divorce. Defendant's counterclaim alleged that plaintiff withdrew funds from the TD account for his personal benefit and owed defendant reimbursement pursuant to the agreements.

Discovery ensued as did motion practice attendant to discovery. On November 19, 2019, the court entered a Case Management Order extending the discovery end date and compelling defendant to produce a certificate of completeness, pursuant to Rule 4:18-1(c), and to provide the TD account statements for years 2014 to 2016. On February 14, 2020, plaintiff moved for summary judgment against defendant, seeking $34,891.12 plus counsel fees and

3

costs, to dismiss defendant's counterclaim, and to amend the caption with defendant's correct legal name. Defendant cross-moved.

During a conference on March 9, 2020, the court raised the issues of personal and subject matter jurisdiction sua sponte and adjourned the motions for summary judgment to March 23, and then to April 9, so the parties could brief the jurisdictional issues. On April 9, 2020, the court heard the parties on jurisdiction before it would consider oral argument on the motions for summary judgment.

The court announced that regardless of where the parties now live, the judgment of divorce is still valid in New York, and neither party registered it in New Jersey.

> This Judgment of Divorce was not conformed or registered in the State of New Jersey. If it was, perhaps the Family Division could address some of the relief that [plaintiff requested] in this Law Division. But there is no conformed [j]udgment here for purposes of enforcement.
>
> Why is that significant? It's significant because the respective Stipulations of Settlement are incorporated by reference in those agreements. The merger issue for this -- for purposes of this [c]ourt's analysis is insignificant. Of course it would not merge. Those covenants have to survive the entry of the Judgment of Divorce.

4

The issue is those Stipulations of Settlement including the provisions related to the TD Bank Ameritrade account, including the $140,000, were not only subject to the New York Courts for purposes of evaluation of entering the Stipulation of Settlement for the Judgment of Divorce, but also the Judgment of Divorce. It is part and parcel of the Judgment of Divorce. The enforcement mechanism is behind the Judgment of Divorce entered in the State of New York, not New Jersey.

The court concluded, under Rule 4:6-7, the court must dismiss unless it can act otherwise under Rule 1:13-4.

Given the fact that the [c]ourt does not possess jurisdiction in this matter, as the respective Stipulations of Settlement are governed by New York law and subjected to the sole jurisdiction of the Supreme Court of the State of New York, County of New York, this [c]ourt denies the respective motions for summary judgment filed in the Law Division of Bergen County as they are improperly filed, and also the request for leave to amend the caption of the filed complaint.

To that end, since the [c]ourt lacks the requisite jurisdiction in this matter, the [c]ourt will be entering an order dismissing the complaint without prejudice in order to permit the plaintiff an opportunity to file the appropriate action seeking relief to conform or register the Judgment of Divorce in the Superior Court of the State of New Jersey in the Family Division or in the alternative, seek the appropriate relief as previously undertaken in the Supreme Court of the State of New York, County of New York. Likewise, the counterclaim will be dismissed without prejudice as well.

A-4551-19

On June 1, 2020, plaintiff moved for reconsideration because the court failed to transfer the matter to the Chancery Division Family Part under <u>Rule</u> 1:13-4 and erred by raising the issue of personal jurisdiction because defendant waived such. Plaintiff requested oral argument if opposed and an August 7, 2020, return date. The court scheduled the motion for June 19, 2020, then rescheduled to July 10, 2020. On June 29, counsel again requested an August 7 return date, which the court denied and informed plaintiff on July 2 that it would decide the motion on the papers and not hear oral argument.

The court denied the motion for reconsideration with a written statement of reasons. On August 27, 2020, the court filed an amplification pursuant to <u>Rule</u> 2:5-1(b), explaining the denial of oral argument was because of the lack of new information for reconsideration. The court had heard arguments on jurisdiction and had found under <u>Rule</u> 1:13-4 that it could not transfer because the unregistered support order meant neither the Family nor Law Division had jurisdiction. This appeal followed.

We agree with the motion court that it lacked subject matter jurisdiction. The interpretation and application of a complex statutory scheme, such as UIFSA, is plainly a question of law for the trial court, subject to de novo review on appeal. <u>See</u> <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J.

366, 378 (1995). While not specifically analyzing the statute, the court clearly considered UIFSA filing requirements in concluding it did not have jurisdiction to either hear or transfer the case within New Jersey.

UIFSA "resolves potential jurisdictional conflicts regarding the enforcement of child support orders across state lines by designating one order as the controlling child support order and provides for interstate jurisdiction to modify child support orders when parents and the children do not all reside in the same state." Lall v. Shivani, 448 N.J. Super. 38, 45 (App. Div. 2016).

> Critical to the jurisdictional uniformity intended under the [UIFSA]'s interstate system of modifying and enforcing child support orders is identification of the controlling child support order and the tribunal authorized to exercise "controlling exclusive jurisdiction." N.J.S.A. 2A:4-30.133. In short, a court that enters an order establishing child support retains continuing exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement, until continuing exclusive jurisdiction is conferred on another state's tribunal by operation of the [UIFSA].
>
> [Id. at 46.]

In many cases, the first step in a UIFSA matter is for one party to "register" an out-of-state child support order in the current home state of the child for enforcement purposes. See N.J.S.A. 2A:4-30.168. A party begins the registration process in New Jersey by filing a request to register the out-of-state

7

order with our Family Part. See N.J.S.A. 2A:4-30.169. Registration is effective upon filing the order in New Jersey. N.J.S.A. 2A:4-30.170. New Jersey "may modify a child support order issued in another state which is registered in this State" when certain residency and jurisdictional exceptions are met, see N.J.S.A. 2A-30.178 (emphasis added), but plaintiff has not provided support that he does not need to register before using such exceptions for modification. Presumably, many child support agreements include provisions that would otherwise read as contractual terms; plaintiff has not shown that these do not need to be registered to review the order. The court repeatedly noted the lack of registration.

> This Judgment of Divorce was not conformed or registered in the State of New Jersey. If it was, perhaps the Family Division could address some of the relief that [plaintiff requested] in this Law Division. But there is no conformed [j]udgment here for purposes of enforcement.

The court examined the provisions in the judgment of divorce, settlement, and modifications. The court noted New York's retained jurisdiction; the previous modification in New York; the agreements provisions for the college account, support, and pro rata share of health, educational, and other costs; and the parties' failure to register the judgment or amended judgment of divorce in New Jersey. Plaintiff received legal advice to pursue this in New Jersey as to

the TD accounts, and defendant did object to jurisdiction and legal bars to recovery.

Given these circumstances, the court properly found that New Jersey courts could not have jurisdiction before registering the orders. The court clearly understood plaintiff's claims to include parts of the agreement not exclusively related to a breach on the TD account. Plaintiff repeatedly alleged issues with the provisions as to the marital residence and to how the TD account should not have been used for amounts that would otherwise only be paid by his child support payments.

Further, as to Rule 1:13-4(a), a court "without jurisdiction of the subject matter of an action or issue therein . . . shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court or administrative agency, if any, in the State." (emphases added). For the jurisdictional reasons above, this rule did not apply because there was no proper court in New Jersey to address the complaint without a registered order.

Plaintiff also asserts that the court erred by not providing sufficient reasons for denying oral argument on the motion to reconsider. Reviewing courts require a record to "independently evaluate the sufficiency of [the motion

judge's] reason for refusing" oral argument on a substantive motion.  Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003).

After reviewing the record and the court's findings, we determine that the court provided sufficient reasons as to why it would not hear oral argument on the motion to reconsider.  The court considered whether it overlooked competent or probative evidence, referencing its statements from the April 9 transcript, and concluded "because it is a threshold determination, any issues regarding subject matter jurisdiction must be addressed before considering the substantive merits of the matter."

For the reasons we found no error in either the denial of oral argument or the determination of lack of jurisdiction, we also find no abuse of the court's discretion under Rule 4:49-2 in its denial of the motion to reconsider these issues.  See Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4551-19