**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2205-24

GINA GONORA,

    Plaintiff-Respondent,

v.

FREDERICK (ERIC) GONORA,

    Defendant-Appellant.

_____

Submitted February 5, 2026 – Decided April 22, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-2097-12.

Frederick Gonora, self-represented appellant.

Gina Gonora, self-represented respondent.

PER CURIAM

Defendant Frederick Gonora appeals from the March 14, 2025 order and the March 21, 2025 amended order granting plaintiff Gina Gonora's application to increase the payment of child support arrears to $400 per week. We affirm.

The parties were married in 1995 and divorced in December 2012. The judgment of divorce incorporated a marital settlement agreement (MSA). Under the MSA, the parties shared joint legal custody of their twins, born in 1998. Plaintiff was designated as the parent of primary residence.

Pursuant to the MSA's child support provision, effective January 1, 2013, defendant was initially required to pay $1,800 per month in child support. This obligation increased to $2,000 per month when defendant's combined gross income reached at least $70,000 per year, and further increased to $2,400 once defendant's combined gross income reached at least $100,000 per year. The parties agreed child support would terminate in January 2024, irrespective of whether the children had matriculated from college.

On April 27, 2015, the parties entered a consent order requiring defendant to become current on all child support arrears within seven days. A second consent order was entered on October 5, 2015, again directing defendant to pay all outstanding child support arrears.

A-2205-24

In 2016, defendant sought a modification of his $2,200 per month child support obligation. On March 3, 2016, However, the court denied the application, finding he had not met the procedural requirements. Although defendant submitted a case information statement (CIS), he did not provide the required attachments, including his: prior CIS, recent tax returns, W-2, 1099s; and three most recent paystubs. Additionally, he did not demonstrate a substantial change in circumstances to warrant a modification.

By January 2022, probation's records showed the total child support arrears were $80,759.57. On January 11, 2022, the court granted plaintiff's unopposed application to enforce litigant's rights. The order directed defendant to continue paying child support at $2,337 per month through probation via wage execution until January 2024. In the event defendant missed two consecutive child support payments, the court would issue a bench warrant for his arrest. The January 2022 order also directed defendant to continue providing medical, dental and vision insurance, and other related expenses for the children in accordance with the MSA.

Plaintiff moved to increase the arrearage payment after child support terminated in January 2024. By then, defendant owed $80,759.57 in arrears and was paying $45 per week toward the arrears. Following a hearing at which both

3

parties appeared self-represented, the court granted plaintiff's application and modified the arrearage payment to $400 per week, payable through probation.

On appeal, defendant argues the Family Part court lacked subject matter jurisdiction to modify the child support order without providing notice and an opportunity to be heard. He contends the court abused its discretion by increasing the arrears payment. Defendant also contends the court breached its fiduciary duty as a trustee and did not consider his express preferences as a beneficiary in the administration of trusts, which were not raised before the judge.

Our review of a Family Part order regarding child support is limited. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016). "Appellate courts accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)).

We review the denial or grant of application to modify child support for abuse of discretion. J.B. v. W.B., 215 N.J. 305, 325-26 (2013). The "court's 'award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'"

A-2205-24

Id. at 326 (internal quotation marks omitted) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)).  However, "all legal issues are reviewed de novo."  Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

We reject defendant's contention the court lacked subject matter jurisdiction to hear plaintiff's application.  When the Family Part entered the final judgment of divorce and established child support, both parties were residents of New Jersey, thereby conferring both personal and subject matter jurisdiction.  The Family Part retained subject matter jurisdiction because defendant continues to reside in this state.  Defendant provides no legal support for his assertion the Family Part lacks authority to modify the child support.  As we have held "a court that enters an order establishing child support retains continuing exclusive jurisdiction to modify the order, and that court's orders remain the controlling child support orders for purposes of enforcement."  Lall v. Shivani, 448 N.J. Super. 38, 46 (App. Div. 2016).

We likewise reject defendant's argument he was deprived of notice and an opportunity to be heard.  His contention is unsupported by the record.  Plaintiff served a copy of her post-judgment motion by priority and certified mail on defendant in accordance with Rules 1:5-2 and 4:4-4.  Service was deemed

completed under Rule 1:5-4(a), (b) when the motion sent by certified mail to defendant was delivered on February 19, 2025, and the priority mail was not returned. Defendant filed a "petition of abatement" and participated in the hearing. The record, therefore, demonstrates defendant received notice and participated in the hearing.

The motion transcript reflects defendant was ordered to pay arrears at $45 per week and sporadically complied with the order. Defendant acknowledged he paid $2,337 per month until December 2024 and satisfied his ongoing child support obligation. However, he did not provide evidence demonstrating he paid the arrears in full.

It is well-settled a court has the inherent authority to enforce its own orders. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 469-70 (1957). Likewise, it is well-established that "the enforcement, collection, [and] modification . . . of unpaid arrearages in . . . child support payments are matters addressed to the sound discretion of the court." In re Rogiers, 396 N.J. Super. 317, 327 (App. Div. 2007) (quoting Mastropole v. Mastropole, 181 N.J. Super. 130, 141 (App. Div. 1981)).

Having reviewed the record, we discern no abuse of discretion in the court's decision to modify and increase the arrearage payments. The

modification constituted an appropriate enforcement of defendant's ongoing obligation to satisfy child support arrears to plaintiff.

We decline to address defendant's arguments concerning the court's alleged breach of fiduciary duty as a trustee and purported trust related violation because they were not raised before the motion judge. We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions . . . raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Defendant's trustee and trust related arguments neither go to trial court's jurisdiction nor concern a matter of great public interest.

To the extent we have not specifically addressed any of defendant's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

7